# IN THE COURT OF APPEALS OF IOWA

————————

No. 24-1477
Filed May 27, 2026

————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Nathan Cole Bahr,**
Defendant–Appellant.

————————

Appeal from the Iowa District Court for Hardin County,
The Honorable John R. Flynn, Judge.

————————

**AFFIRMED**

————————

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant
Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and David Banta, Assistant Attorney
General, attorneys for appellee.

————————

Considered without oral argument
by Tabor, C.J., Langholz, J., and Vogel, S.J.
Opinion by Vogel, S.J.

1

**VOGEL, Senior Judge.**

In 2023, Nathan Bahr was charged with the first-degree murder of his ex-girlfriend. The case proceeded to trial. During jury selection, the State moved to dismiss a juror for cause after the juror disclosed that he had been both the aggressor and victim in a physically abusive romantic relationship several decades earlier. Bahr resisted, arguing that sufficient time had passed since the relationship ended such that the juror would be able to serve impartially. The district court granted the State's motion and dismissed the juror for cause. After the case was submitted to the jury, it found Bahr guilty as charged.

Bahr appeals, arguing the district court abused its discretion by dismissing the juror without the State establishing a qualifying basis for dismissal. The district court is vested with broad discretion in ruling on juror challenges, and we review such rulings for an abuse of discretion. *State v. Jonas*, 904 N.W.2d 566, 570–71 (Iowa 2017). However, as explained in *State v. Booker*, even if the district court erroneously granted the for-cause strike, it does not constitute reversible error unless Bahr can establish prejudice by showing "the resulting jury was not impartial and competent." 989 N.W.2d 621, 633 (Iowa 2023) (citation omitted). Bahr claims he was prejudiced because the State had disproportionate power to shape the jury composition, but he does not allege that the selected jury was partial or incompetent. Because Bahr has not shown the requisite prejudice, his claim fails. *Id.* at 634.

Bahr argues that *Booker* should be overruled, a claim he did not make to the district court. That issue is therefore not preserved for our review. *See State v. Crawford*, 972 N.W.2d 189, 198 (Iowa 2022) ("[A] party has an obligation to raise an issue in the district court and obtain a decision on the

issue so that an appellate court can review the merits of the decision actually rendered.").  Even if Bahr had preserved error on this argument, "we are not at liberty to overrule controlling supreme court precedent." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) (cleaned up).  We therefore affirm.

**AFFIRMED.**